UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFREY T. HUYNH,<br><br>    Plaintiff,<br><br>    v.<br><br>BERNARD WARNER, JEFFREY UTTECHT<br><br>    Defendants. | CASE NO. C15-5875 RJB-KLS<br><br>ORDER TO SHOW CAUSE OR TO AMEND |

*Pro se* Plaintiff Jeffrey T. Huynh, an inmate at the Clallam Bay Corrections Center (CBCC), proceeding *in forma pauperis,* brings this 42 U.S.C. § 1983 civil rights action alleging that his civil rights were violated at the Coyote Ridge Corrections Center (CRCC) when his legal mail was opened and checks that he had signed over to his attorney were wrongfully deposited in his inmate account.  Dkt. 6.  The Court declines to serve the complaint because it contains pleading deficiencies.  As discussed below, the Court **ORDERS** Plaintiff to show cause – by filing an amended complaint by **January 8, 2016**  – why this matter should not be dismissed for failure to state a claim.

## BACKGROUND

Plaintiff alleges as follows:

On or about the 23rd of May 2012.  Two settlement checks totaling of $3,988.67 from my attorney asking me to sign and mail it back to him.  On 05-25-2012 the Department of Corrections at Coyotte Ridge tampered my out-going

ORDER TO SHOW CAUSE OR TO AMEND- 1

| | |
|---|---|
| 1 | legal mail and illegally took the checks which was intended to be going out to my attorney was unlawfully taken and deposited on my inmate account without my |
| 2 | authorization. The checks were intended for things outside of the prison so my family can benefit through difficult time. I am seeking the return of the |
| 3 | wrongfully taken funds to be credit back in full to my family. |

Dkt. 6, p. 3.

Plaintiff names Bernard Warner, the former Secretary of the Department of Corrections (DOC), and Jeffrey Uttecht, the Superintendent of CRCC as defendants.

## DISCUSSION

The Court will dismiss a complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To sustain a § 1983 action, a plaintiff must show (a) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (b) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). In general, a § 1983 plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights because a defendant cannot be held liable solely on the basis of supervisory responsibility or position. *See City of Canton v. Harris*, 489 U.S. 378, 385–90 (1989); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691–94 (1978).

It appears that Plaintiff's complaint is subject to dismissal because it was not brought within the statute of limitations for § 1983 actions. Federal courts apply the forum state's personal injury statute of limitations to § 1983 claims. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985). A three year statute of limitations applies in Washington. RCW 4.16.080; *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002). Plaintiff alleges, and documents attached to his complaint reflect, the settlement checks were deposited in his account on May 23,

2012.  Therefore, he would have had to file suit no later than May 23, 2015 to preserve his claims.  Plaintiff must show cause why his complaint should not be dismissed.

In addition, Plaintiff has failed to allege facts against the named defendants.  Plaintiff names Bernard Warner and Jeffrey Uttecht in their supervisory capacities but alleges no facts describing their personal involvement in any alleged wrongdoing.  Under § 1983, "[a] supervisor may be liable [in his individual capacity] ... only if there exists either: (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir.2001); *see also Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989) (same).  A plaintiff must allege facts showing that each Government-official defendant named in his complaint, through their own actions, has violated the Constitution. *Ashcroft v. Igbal*, 556 U.S. 662, 676 (2009).  A supervisor's mere knowledge of his subordinate's actions is not sufficient to allege § 1983 liability against a supervisor in his individual capacity. *Id.* at 677.  While supervisors need not be physically present when the injury occurred, a plaintiff must nevertheless allege some culpable action or inaction for which a supervisor may be held liable. *Moss v. U.S. Secret Service*, 711 F.3d 941, 967–68 (9th Cir. 2013) (internal quotations and citations omitted).

Nowhere in his complaint does Plaintiff allege how Mr. Warner or Mr. Uttecht participated in any alleged violation of his constitutional rights nor does he explain how their participation caused him injury.  Absent such allegations, these individuals must be dismissed.  If Plaintiff intends to pursue this claim, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what that individual did or failed to do; (4) how the action or inaction of that person is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered

because of that person's conduct.  See *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court.  The amended complaint must be **legibly rewritten or retyped in its entirety**, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference.  The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to the violation of Plaintiff's rights.

If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **January 8, 2016**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  **The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service.  The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to Plaintiff**.

Dated this 15th day of December, 2015.

*/s/ Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge